IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs. | § | CR. NO. B-18-430 |
| ALIS YOVANY TORRES-LEON | § | |

**UNOPPOSED MOTION FOR DISCOVERY AND INSPECTION**

The defendant, **ALIS YOVANY TORRES-LEON,** moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, to order the government to produce and permit the defendant to inspect, copy or photograph each of the following items of evidence which through due diligence may become known to the government or its agents:

I.

Pursuant to the Local Rules of the Southern District of Texas, defense counsel has engaged in informal discovery with the government. The government has assured defense counsel that they will comply with the requirements of Federal Rules of Criminal Procedure 16 and the United States Constitution.

II.

**ALIS YOVANY TORRES-LEON** is charged by indictment with unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).

III.

**ALIS YOVANY TORRES-LEON** requests immediate notice and production of any and all statements made by him to law enforcement officers, whether they be written, oral or recorded, within the possession, custody or control of the government, the existence

of which is known, or by the exercise of due diligence may become known to the attorney for the government. Fed. R. Crim. P. 16(a)(1)(A) and (B).

## IV.

The government has indicated that defendant does have a criminal record. The defendant requests immediate notice and production of criminal records found pertaining to him. Fed. R. Crim. P. 16(a)(1)(D).

## V.

The Defendant requests that the government make available for review, inspection, and, if necessary, copies of certain records of Defendant's Immigration file that is classified as the "A File" that is in the possession of the government and/or its agents

## VI.

The defendant requests immediate notice and production of all physical and tangible evidence intended for use by the government in its case-in-chief, and evidence that is material to the preparation of the defense, Fed. R. Crim. P. 16(a)(1)(E). While the defendant has not limited his request, he specifically asks to inspect:

   (a)   any and all documents allegedly filed with immigration by the defendant;

   (b)   any and all documents contained in the immigration file classified as the "A" file;

   (c)   any and all names, aliases, identifications, papers or documents indicating names of aliases allegedly used by defendant;

   (d)   any documents or other tangible evidence seized from the defendant when he was arrested;

### VII.

The defendant requests immediate notice and an opportunity to inspect the reports and results of any physical examinations or scientific tests or experiments conducted by the government or its agents, including, but not limited to, negative tests results, chemical, fingerprint, and handwriting analysis. Fed. R. Crim. P. 16(a)(1)(F).

### VIII.

The defendant requests the production of a written summary containing the opinions, the basis for the opinions and the qualifications of any and all expert witnesses including but not limited to law enforcement agents/witnesses who may offer expert opinion, or to a summary witness testifying pursuant to Rule 1006, Federal Rules of Evidence.

Pursuant to Rule 16(a)(1)(G), the defendant requests production of witnesses opinion summaries within a reasonable time prior to trial.

### IX.

The defendant requests: (1) that the government disclose the existence of any and all conversations of the defendant which were recorded by video or audiotape or by any other means by the government agents or informants during the investigation and detection of this alleged offense, (2) that it inform the defendant of the time, place, contents, and means of recording these conversations, and (3) that the complete recordings and transcripts thereof be made available to defense counsel immediately so that counsel may determine whether any of these conversations are admissible against defendant, pursuant to Fed. R. Evid. 801(d)(2)(E). See Fed. R. Crim. P. 16(a)(1)(C).

**X.**

The defendant requests advance notice of any evidence of extrinsic acts by defendant, which the government plans to introduce pursuant to Federal Rule of Evidence 404(b). Advance notice is necessary to enable him to prepare adequate cross-examination and rebuttal. United States v. Baum, 482 F.2d 1325, 1332 (2d Cir. 1973).

**XI.**

The defendant requests disclosure whether any government agent, informer, or anyone else acting at the direction or behest of the government, has talked with or communicated with the defendant since the commencement of adversarial proceedings. If so, the defendant requests identification of such individual(s) and disclosure of the surrounding circumstances. See United States v. Henry, 447 U.S. 264 (1980).

**XII.**

The defendant requests disclosure of any and all witness statements as allowed by law to enable him/her to conduct an adequate cross-examination of the witnesses at trial. This request includes, but is not limited to: Prior testimony including but not limited to grand jury testimony, prior written statements, the witness' reports, reports of prior oral statements, and the witness' notes.

**XIII.**

The defendant requests production of any and all evidence in the possession of the government or its agents, which would tend to exculpate the defendant, Brady v. Maryland, 373 U.S. 83 (1963), or which would impeach the government witnesses, Giglio v. United States, 405 U.S. 150 (1972). This specifically includes, but is not limited to:

(a) any witness statements or other evidence that suggests that defendant has not been previously denied admission,

excluded, deported, and removed from the United States of America;

(b) any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications in the United States or in foreign jurisdictions attributed to each witness called by the government, including but not limited to relevant "rap sheets", and/or judgment and commitment orders;

(c) any and all records and information revealing prior misconduct or bad acts attributed to the witness, particularly those which may be admissible under Fed. R. Evid. 608(b) to impeach the witness' truthfulness;

(d) the immigration status of any witness or informant who is not a United States citizen;

(e) any fees, payment of expenses and/or other material rewards given or offered to any government witness or informant;

(f) any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect, leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, immigration, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program;" informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony;

(g) any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness; any criminal prosecutions, investigations, or potential criminal prosecutions which could be brought against the witness; and probationary, parole, deferred government or custodial status

(h)     of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence;

(h) the existence and identification of each occasion on which each witness who was or is an informer, accomplice, or expert, has testified before any court, grand jury, or other tribunal or body;

(i) any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecution's evidence or which arguably could lead to such records or information. This request specifically includes information as to the witness' psychiatric history or "basic mental trouble"; the use of "lie detectors" and the results; the witness' use of narcotic or other drugs; and any occasions when the witness may have identified someone other than the defendant as the perpetrator of the alleged crime, failed to identify the defendant as the perpetrator, or failed to make any identification whatsoever;

(j) any information that either casts a substantial doubt upon the accuracy of any evidence – including witness testimony – the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution, including but not limited to:

    (a) specific instances of conduct of a witness for the purpose of attacking the witness' credibility or character for truthfulness;

    (b) evidence in the form of opinion or reputation as to a witness' character for truthfulness;

    (c) prior inconsistent statements; and

    (d) information that may be used to suggest that a witness is biased.

And includes, but is not limited to, potential impeachment information relating to agency employees which may include, but is not limited to, the categories listed below:

i) any finding of misconduct that reflects upon the truthfulness or possible bias of the employee, including a finding of lack of candor during a criminal, civil, or administrative inquiry or proceeding;

ii) any past or pending criminal charge brought against the employee;

iii) any allegation of misconduct bearing upon truthfulness, bias, or integrity that is the subject of a pending investigation;

iv) prior findings by a judge that an agency employee has testified untruthfully, made a knowing false statement in writing, engaged in an unlawful search or seizure, illegally obtained a confession, or engaged in other misconduct;

v) any misconduct finding or pending misconduct allegation that either casts a substantial doubt upon the accuracy of any evidence – including witness testimony – that the prosecutor intends to rely on to prove an element of any crime charged, or that might have a significant bearing on the admissibility of prosecution evidence. Accordingly, agencies and employees should disclose findings or allegations that relate to substantive violations concerning:

(1) failure to follow legal or agency requirements for the collection and handling of evidence, obtaining statements, recording communications, and obtaining consents to search or to record communications;

(2) failure to comply with agency procedures for supervising the activities of a cooperating person (e.g., C.I., C.S., CHS, etc.);

(3) failure to follow mandatory protocols with regard to the forensic analysis of evidence;

vi) information that may be used to suggest that the agency employee is biased for or against a defendant (*See United States v. Abel,* 469 U.S. 45, 52, (1984). The Supreme Court has stated, "[b]ias is a term used

        in the 'common law of evidence' to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest."); and

vii)    information that reflects that the agency employee's ability to perceive and recall truth is impaired.

## XIV.

The defendant requests that the following sentencing information be made immediately available for discovery and production:

(a)    the name of any victims, the extent of injury and a description of how the injury occurred;

(b)    whether the victim was (1) vulnerable, see Federal Sentencing Guidelines Sec. 3A1.1 (Nov. 1, 1987), (2) an official victim, id. at Sec.3 A1.2, and/or (3) whether any victim was restrained, id. at Sec. 3A1.3;

(c)    the defendant's role in the offense, i.e. whether it was (1) aggravating, and to what extent, id at Sec. 3B1.1, (2) whether there are any mitigating factors, id. at Sec. 3B1.2 and (3) whether the defendant abused a position of trust or used special skill; id. at Sec. 3B1.3;

(d)    whether the defendant obstructed or impeded the proceedings and how, id. at Sec. 3C1.1; and

(e)    whether there are any reasons for a departure from the Sentencing Guidelines promulgated in October, 1987.

## XV.

The defendant would further show the Court that all of the above items requested are within the exclusive control of the federal government, or other agencies acting in conjunction with the federal government, that inasmuch as the defendant, and his counsel, have no executive power, the materials requested herein are unavailable to the

defendant.

WHEREFORE, PREMISES CONSIDERED, the defendant prays that this Honorable Court order the United States Attorney to produce the above-mentioned evidence to the defendant's counsel for review, inspection, and, if necessary copies of certain records.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas
Texas State Bar No. 14003750
Southern District of Texas No. 3233

By: /s/ Cesar A. Amador
CESAR A. AMADOR
Assistant Federal Public Defender
Attorney in Charge
Texas State Bar No. 01136040
Southern District of Texas No. 8966
600 E. Harrison Street, #102
Brownsville, Texas 78520
Telephone: (956) 548-2573
Fax: (956) 548-2674

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with Assistant U.S. Attorney Justin Dinsdale regarding the Motion for Discovery and Inspection and Mr. Dinsdale has advised that the Government is not opposed to the granting of the relief requested in this motion.

/s/ Cesar A. Amador
CESAR A. AMADOR
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2018, a copy of the foregoing Unopposed Motion for Discovery and Inspection was served by Notification of Electronic Filing.

/s/ Cesar A. Amador
CESAR A. AMADOR
Assistant Federal Public Defender